1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   HEIDI COSTAMAGNA,                           No.  2:23-cv-01008-MCE-DB

12              Plaintiff,

13        v.                                      **MEMORANDUM AND ORDER**

14   MCKESSON CORPORATION, et al.,

15              Defendants.

16

17        Plaintiff Heidi Costamagna ("Plaintiff") initiated this lawsuit against Defendants

18   McKesson Corporation and McKesson Medical-Surgical Inc. (collectively, "Defendants")

19   seeking to recover for injuries sustained when she was terminated after she failed to

20   comply with Defendants COVID-19 vaccination policy due to her religious beliefs.

21   Presently before the Court is Defendants' Partial Motion to Dismiss and Motion to Strike

22   portions of Plaintiff's Complaint.  ECF No. 12.  For the following reasons, Defendants'

23   Motion is GRANTED in part and DENIED in part with leave to amend.[1]

24

25

26

27        [1] Because oral argument would not have been of material assistance, the Court ordered this
28   matter submitted on the briefs.  E.D. Local Rule 230(g).

1

**STANDARD**

2

3
    **A.**    **Motion to Dismiss for Failure to State a Claim Under Federal Rule of Civil Procedure 12(b)(6)**[2]

4
        On a motion to dismiss for failure to state a claim under Rule 12(b)(6), all

5
allegations of material fact must be accepted as true and construed in the light most

6
favorable to the nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38

7
(9th Cir. 1996).  Rule 8(a)(2) "requires only 'a short and plain statement of the claim

8
showing that the pleader is entitled to relief' in order to 'give the defendant fair notice of

9
what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly,

10
550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  A

11
complaint attacked by a Rule 12(b)(6) motion to dismiss does not require detailed factual

12
allegations.  However, "a plaintiff's obligation to provide the grounds of his entitlement to

13
relief requires more than labels and conclusions, and a formulaic recitation of the

14
elements of a cause of action will not do."  Id. (internal citations and quotations omitted).

15
A court is not required to accept as true a "legal conclusion couched as a factual

16
allegation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at

17
555).  "Factual allegations must be enough to raise a right to relief above the speculative

18
level."  Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright & Arthur R. Miller,

19
Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the pleading must

20
contain something more than "a statement of facts that merely creates a suspicion [of] a

21
legally cognizable right of action")).

22
        Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket

23
assertion, of entitlement to relief."  Twombly, 550 U.S. at 555 n.3 (internal citations and

24
quotations omitted).  Thus, "[w]ithout some factual allegation in the complaint, it is hard

25
to see how a claimant could satisfy the requirement of providing not only 'fair notice' of

26
the nature of the claim, but also 'grounds' on which the claim rests."  Id. (citing Wright &

27
Miller, supra, at 94, 95).  A pleading must contain "only enough facts to state a claim to

28
      [2]  All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure.

relief that is plausible on its face." Id. at 570.  If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id.  However, "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

**B.    Motion to Dismiss for Lack of Subject Matter Jurisdiction Under Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction, and are presumptively without jurisdiction over civil actions.  Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).  The burden of establishing the contrary rests upon the party asserting jurisdiction.  Id.  Because subject matter jurisdiction involves a court's power to hear a case, it can never be forfeited or waived.  United States v. Cotton, 535 U.S. 625, 630 (2002).  Accordingly, lack of subject matter jurisdiction may be raised by either party at any point during the litigation, through a motion to dismiss pursuant to Rule 12(b)(1). Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006); see also Int'l Union of Operating Eng'rs v. Cnty. of Plumas, 559 F.3d 1041, 1043–44 (9th Cir. 2009).

There are two types of motions to dismiss for lack of subject matter jurisdiction:  a facial attack, and a factual attack.  Thornhill Publ'g Co. v. Gen. Tel. & Elec. Corp., 594 F.2d 730, 733 (9th Cir. 1979).  Thus, a party may either make an attack on the allegations of jurisdiction contained in the nonmoving party's complaint, or may challenge the existence of subject matter jurisdiction in fact, despite the formal sufficiency of the pleadings.  Id.

When a party makes a facial attack on a complaint, the attack is unaccompanied by supporting evidence, and it challenges jurisdiction based solely on the pleadings. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004).  If the motion to dismiss constitutes a facial attack, the Court must consider the factual allegations of the complaint to be true, and determine whether they establish subject matter jurisdiction. Savage v. Glendale High Union Sch. Dist. No. 205, 343 F.3d 1036, 1039 n.1 (9th Cir.

3

1   2003).  In the case of a facial attack, the motion to dismiss is granted only if the

2   nonmoving party fails to allege an element necessary for subject matter jurisdiction.  Id.

3   However, in the case of a factual attack, district courts "may review evidence beyond the

4   complaint without converting the motion to dismiss into a motion for summary judgment."

5   Safe Air for Everyone, 373 F.3d at 1039.

6          In the case of a factual attack, "no presumptive truthfulness attaches to plaintiff's

7   allegations."  Thornhill, 594 F.2d at 733 (internal citation omitted).  The party opposing

8   the motion has the burden of proving that subject matter jurisdiction does exist, and must

9   present any necessary evidence to satisfy this burden.  St. Clair v. City of Chico, 880

10  F.2d 199, 201 (9th Cir. 1989).  If the plaintiff's allegations of jurisdictional facts are

11  challenged by the adversary in the appropriate manner, the plaintiff cannot rest on the

12  mere assertion that factual issues may exist.  Trentacosta v. Frontier Pac. Aircraft Ind.,

13  Inc., 813 F.2d 1553, 1558 (9th Cir. 1987) (quoting Exch. Nat'l Bank of Chi. v. Touche

14  Ross & Co., 544 F.2d 1126, 1131 (2d Cir. 1976)).  Furthermore, the district court may

15  review any evidence necessary, including affidavits and testimony, in order to determine

16  whether subject matter jurisdiction exists.  McCarthy v. United States, 850 F.2d 558, 560

17  (9th Cir. 1988); Thornhill, 594 F.2d at 733.  If the nonmoving party fails to meet its

18  burden and the court determines that it lacks subject matter jurisdiction, the court must

19  dismiss the action.  Fed. R. Civ. P. 12(h)(3).

20          **C.      Motion to Strike under Rule 12(f)**

21          The Court may strike "from any pleading any insufficient defense or any

22  redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he

23  function of a 12(f) motion to strike is to avoid the expenditure of time and money that

24  must arise from litigating spurious issues by dispensing with those issues prior to

25  trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

26  Immaterial matter is that which has no essential or important relationship to the claim for

27  relief or the defenses being pleaded.  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th

28  Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994) (internal citations and quotations

4

omitted).  Impertinent matter consists of statements that do not pertain, and are not necessary, to the issues in question.  Id.

### D.    Leave to Amend

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend.  Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment . . . ."  Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend).  Not all of these factors merit equal weight.  Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight."  Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)).  Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment."  Intri-Plex Techs., Inc. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

**ANALYSIS**

According to the Complaint, Plaintiff worked for Defendants during the COVID-19 pandemic.  Defendants eventually rolled out a COVID-19 vaccination policy, requiring employees to be vaccinated, but allowing for employees to seek exemptions for religious reasons.  Plaintiff sought such an exemption, but it was denied because Defendants concluded that exempting Plaintiff would cause them an undue hardship.  Plaintiff's employment was thereafter terminated, and this action followed.  Defendants now move to dismiss the following claims for failure to exhaust administrative remedies:

1  (1) Retaliation under Title VII, 42 U.S.C. § 2000e-3(a) (Count 3); (2) Religious

2  Discrimination for Failure to Engage in the Interactive Process under California's Fair

3  Employment and Housing Act ("FEHA"), California Government Code §§ 12900 et seq.

4  (Count 4); (3) Religious Discrimination for Failure to Accommodate under FEHA, id. §§

5  12940(I), (Count 5); and (4) Retaliation for Religious Claims under FEHA, id.

6  §§ 12940(h) et seq. (Count 6).  Defendants also move to strike a number of Plaintiff's

7  allegations as "redundant, immaterial, impertinent, or scandalous matter" under Rule

8  12(f).  The bulk of Defendants' arguments are well taken.

9        **A.**    **Motion to Dismiss**

10           **1.**    **Title VII**

11        "As a precondition to the commencement of a Title VII action in court, a

12  complainant must first file a charge with the Equal Employment Opportunity Commission

13  (EEOC or Commission)."  Fort Bend Cnty., Tex. v. Davis, 587 U.S. ____, 139 S. Ct.

14  1843, 1846 (2019).  Although Plaintiff does not allege in her Complaint that she filed an

15  administrative claim, Defendants provided a copy of a charge of discrimination ("EEOC

16  Charge") that she submitted to the Texas Workforce Commission Civil Right Division.

17  See Defs.' Request for Judicial Notice ("RJN"), ECF No. 12-1, ¶ 1, Ex. A.  In that

18  document, Plaintiff stated:

19              I had worked for Respondent previously and was most recently
            hired in about January 2020. My most recent position was RX

20              Large Account Manager and Director of RX Field Sales Trevor
            Keeler was my immediate supervisor. Throughout the COVID-

21              19 pandemic, I had been able to successfully perform my job
            100% remotely. On or about September 13, 2021, Respondent

22              instituted a policy wherein all employees were required to be
            vaccinated against COVID-19 unless they had an exemption

23              as a reasonable accommodation for a disability or religion. On
            or about September 19, 2021, I submitted a request for a

24              reasonable accommodation based on my religion which
            conflicts with my ability to be vaccinated against COVID-19.

25              On or about October 8, 2021, I met with a Human Resources
            consultant to discuss my request. On or about November 12,

26              2021, I received notice that my request was denied.
            Respondent's stated reason for my discharge was that a

27              reasonable accommodation for my religious belief would
            create an undue hardship on Respondent. On or about

28              November 15, 2021, I was placed on unpaid leave. On or

about December 31, 2021, I was terminated. Others in the company in similar positions were accommodated (through measures such as masking/testing) thus showing that I could also have been accommodated. I am aware of other job classifications for which Respondent removed the requirement to be vaccinate against COVID-19 despite that those positions are traditionally performed in an office. Respondent's stated reason for my discharge was that a reasonable accommodation for my religious belief would create an undue burden on Respondent. I believe I have been discriminated against because of my religion, in violation of Title VII of the Civil Rights Act of 1964, as amended.

Id.  Plaintiff did not even allude to her current retaliation theory or provide any facts indicating that any of Defendants actions were taken in response to some protected conduct.  Accordingly, Defendants' Motion to Dismiss Plaintiff's Third Cause of Action is GRANTED with leave to amend for failure to exhaust administrative remedies.

### 2.    FEHA

"An employee who wishes to file suit under the FEHA must exhaust the administrative remedy provided by the statute by filing a complaint with the [Department of Fair Employment and Housing ("DFEH")], and must obtain from the [DFEH] a notice of right to sue." Pollock v. Tri-Modal Distrib. Serv., Inc., 11 Cal. 5th 918, 931 (2021) (internal quotation marks and citations omitted).[3]

Again Plaintiff does not allege in the Complaint that she submitted a claim to the CRD, and she concedes in her opposition that she did not do so.  Instead, Plaintiff argues that:

When, like here, Title VII and FEHA claims overlap, under work-sharing agreements, the EEOC and DFEH are each the agent of the other for purposes of receiving charges, and thus a filing with one agency is considered to be constructively filed with the other. See, e.g., EEOC v. Dinuba Med. Clinic, 222 F.3d 580, 585 (9th Cir. 2000) ("Constructive filing is made possible by 'worksharing agreements,' which designate the EEOC and the state agency each other's agents for the purpose of receiving charges."); Paige v. State of Cal.,102 F.3d 1035, 1041 (9th Cir.1996) ("[T]he filing of a charge with one agency is deemed to be a filing with both.").  Here, Plaintiff filed a charge of discrimination with the EEOC's Dallas office, where Defendants business is headquartered.  On her Form 5

---

[3] In July 2022, the DFEH changed its name to the "Civil Rights Department" ("CRD"), which is the term the parties use in their briefs.  Both terms are used interchangeably by the Court.

> Charge of Discrimination, Plaintiff noted her address as Lodi, California.  Plaintiff is not aware of whether Dallas' EEOC office has a workshare agreement with the CRD, but, in any event, Defendants were on constructive notice because of Plaintiff's residence in California that they would realistically face FEHA claims in the event Plaintiff filed suit in California.

Pl.'s Opp., ECF No. 15, at 8.  Plaintiff points the Court to no authority supporting such an attenuated constructive notice argument.  Nor has the Court found any on its own.  Accordingly, Defendants' Motion to Dismiss Counts Four through Six is GRANTED with leave to amend.

### B.    Motion to Strike

Defendants next seek to strike the following from Plaintiff's Complaint:

> The Declaration of Donn Keoki Arizumi and paragraphs 21, 101, and 174;

> Footnotes 2, 12, 18-21, 22-39, 42, 43, and corresponding paragraphs 10, 46, 58-60, 63, 65-73, 76-78, 80;

> Legal arguments contained within paragraphs 7, 9-12, 18, 20-22, 25, 36-37, 58-60, 62-63, 68, 71-72, 75, 77, 79-81, 121-124, 133, 144.

Defs.' Mot., ECF No. 12, at 14.

The Arizumi Declaration and related paragraphs (¶¶ 21, 101, and 174) concern the experiences of a random and unrelated employee who sought a vaccine exemption from a completely different company having nothing to do with Plaintiff or Defendants. What another company purportedly did regarding the request of one employee has no bearing on Plaintiff's claims in this case.

With one exception, the same is true with Plaintiff's myriad of footnotes and accompanying paragraphs citing government reports, news articles, and press releases. Each of these footnotes and paragraphs reference external information that is irrelevant and immaterial to the elements of Plaintiff's instant claims against these Defendants. The Court will allow paragraph 46 to remain in the Complaint, however, because the facts alleged therein appear to go to Plaintiff's argument that utilizing a third-party vendor

8

1   to investigate claims for religious accommodations in the manner employed was
2   retaliatory.

3        Finally, the Court declines to strike the multiple paragraphs Defendants challenge
4   as impermissibly setting forth legal arguments.  The Court is able to distinguish legal
5   arguments from statements of fact, and while the inclusion of these paragraphs is
6   somewhat cumbersome, it does not prejudice Defendants or make review of the
7   Complaint overly burdensome.  These paragraphs also do contain some factual
8   allegations that are permissible under Rule 8.  Accordingly, the Court will not strike
9   paragraphs 7, 9-12, 18, 20-22, 25, 36-37, 58-60, 62-63, 68, 71-72, 75, 77, 79-81, 121-
10  124, 133, 144 on this basis.[4]

11

12  **CONCLUSION**

13

14       For the reasons just stated, Defendants' Partial Motion to Dismiss and Motion to
15  Strike portions of Plaintiff's Complaint, ECF No. 12, is GRANTED in part and DENIED in
16  part as follows:

17      1.    The Third though Sixth Causes of Action are DISMISSED with leave to
18          amend;

19      2.    The Declaration of Donn Keoki Arizumi and paragraphs 21, 101, and 174
20          are STRICKEN;

21      3.    Footnotes 2, 12, 18-21, 22-39, 42, 43, and corresponding paragraphs 10,
22          58-60, 63, 65-73, 76-78, 80 are STRICKEN; and

23      4.    Not later than twenty (20) days following the date this Memorandum and
24          Order is electronically filed, Plaintiff may, but is not required to, file an
25          amended complaint.  If no amended complaint is timely filed, the causes of
26          action dismissed by virtue of this Memorandum and Order will be deemed

27

28      [4] Of course, the Court already struck paragraph 10, 21, 58-60, 63, 68, 71-72, 77, and 80 for
alternative reasons.

1   dismissed with prejudice upon no further notice to the parties.

2   IT IS SO ORDERED.

3   Dated:  February 29, 2024

4

5   MORRISON C. ENGLAND, JR
    SENIOR UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28